UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JIMMY AVILA; MEZIE ODUKA,

      Plaintiffs,

-against-

DANISHA DAVIS; LINDSEY M.
BLACKWELL; CITY OF NEW YORK; NYC
DEPARTMENT OF HOUSING
PRESERVATION AND DEVELOPMENT;
JANE DOE; JOHN DOE; SYMONE
ELIZABETH SYLVESTER; 1412 COL LLC;
BASICS, INC.; JSAF MANAGEMENT LLC;
ADULT PROTECTIVE SERVICES; NYC
DEPARTMENT OF HOMELESS SERVICES;
CITY FHEPS; BREAKING GROUND;
HARLEM YMCA; ANDREW BRAIN
BITTENS ESQ.; BRONXWORKS; OFFICE OF
MENTAL HEALTH,

      Defendants.

25 Civ. 3316 (PAE) (KHP)

ORDER

PAUL A. ENGELMAYER, United States District Judge:

  Plaintiffs Jimmy Avila and Mezie Oduka, proceeding *pro se*, bring this action alleging that Defendants violated their rights under the Americans with Disabilities Act, the Fair Housing Act, and state law. By order dated April 25, 2025, the Court granted plaintiffs' request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court (1) dismisses plaintiffs' claims against the agencies of the City of New York; and (2) orders service on the remaining named defendants.[1]

---

[1] Plaintiffs name John and Jane Doe defendants. Because plaintiffs do not provide any identifying information with respect to these defendants or allege any facts describing how these defendants were involved in the events giving rise to their claims, the Court declines to issue an order under *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997), at this time.

## I. Discussion

### A. Municipal Liability

Plaintiffs bring claims against the New York City Department of Housing Preservation and Development, the New York City Department of Homeless Services, and the Adult Protective Services and City Family Homelessness and Eviction Prevention Supplement, programs administered by the New York City Human Resources Administration. Plaintiffs' claims against these defendants must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of plaintiffs' *pro se* status, the Court will construe any allegations asserted against these defendants as being asserted against the City of New York, which is also a defendant in this action.

### B. Service

Because plaintiffs have been granted permission to proceed IFP, they are entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the Complaint is filed, plaintiffs are proceeding IFP and could not have effected service until the Court reviewed the Complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow plaintiffs to effect service on the remaining defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each defendant. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendants.

If the Complaint is not served within 90 days after the date summonses are issued, plaintiffs should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012).

This order of service supersedes Magistrate Judge Parker's directive that plaintiffs serve a copy of that order and the Complaint on defendants. *See* Dkt. 10.

## CONCLUSION

The Court dismisses plaintiffs' claims against the New York City Department of Housing Preservation and Development, the New York City Department of Homeless Services, and the Adult Protective Services and City Family Homelessness and Eviction Prevention Supplement. *See* N.Y. City Charter ch. 17, § 396.

The Clerk of Court is respectfully directed to issue a summons for each remaining defendant, to complete the USM-285 form with the address for each defendant, and to deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail a copy of Magistrate Judge Parker's May 5, 2025 order (ECF 10) to defendants at the addresses provided on the following two pages, and to to mail an information package to plaintiffs.

SO ORDERED.

Dated: May 14, 2025
       New York, New York

                                           PAUL A. ENGELMAYER
                                           United States District Judge

## SERVICE ADDRESS FOR EACH DEFENDANT

1. The City of New York
   100 Church Street
   New York, NY 10007

2. Symone Elizabeth Sylvester
   100 Gold Street
   New York, NY 10038

3. JSAF Management LLC
   164 Suffolk Street
   New York, NY 10002

4. BASIC, Inc.
   300 East 175th Street
   Bronx, NY 10457

5. 1412 Col LLC
   1548 East 2nd Street
   Brooklyn, NY 11230

6. Harlem YMCA
   180 West 135th Street
   New York, NY 10030

7. Andrew Brain Bittens
   747 3rd Avenue
   New York, NY 10017

8. BronxWorks
   630 Jackson Avenue
   Bronx, NY 10455

9. New York State Office of Mental Health
   44 Holland Avenue
   Albany, NY 12229

10. Danisha Davis
    Clerk of County
    1118 Grand Concourse
    Bronx, NY 10456

11. Lindsay M. Blackwell
    One Battery Park Plaza, 28th Floor
    New York, NY 10004

12. Breaking Ground
    505 8th Avenue, 5th Floor
    New York, NY 10018