LINDSEY M. BLACKWELL
LBLACKWELL@GRSM.COM

HAILEY L. LOEHR
HLOEHR@GRSM.COM



ATTORNEYS AT LAW
1 BATTERY PARK PLAZA, 28TH FLOOR
NEW YORK, NY 10004
WWW.GRSM.COM

June 20, 2025

**VIA ECF**
Hon. Paul A. Engelmayer
United States District Judge
United States District Court, S.D.N.Y.

      **Re:**    *Jimmy Avila et al. v. Danisha Davis, et al.*
              1:25-cv-03316-PAE-KHP

Dear Judge Engelmayer:

      As counsel for Defendant BASICS, Inc. ("BASICS"), we write, pursuant to your Honor's Individual Practices in Civil Cases, Rule III(b), to request a pre-motion conference regarding BASICS' anticipated motion to dismiss the claims against BASICS and its undersigned counsel, who has been improperly named as a defendant in this action solely by reason of her role as counsel for BASICS. As set forth below, the Complaint should be dismissed (1) for violating Rule 8(a)(1) by relying upon "group pleading", thereby depriving BASICS and the undersigned of adequate notice of the conduct underlying the claims against them, (2) for failing to state a claim under Rule 12(b)(6), and (3) because it appears to be duplicative of other actions filed by Plaintiff Avila.

      **A.**    **Relevant Factual and Procedural Background.** Plaintiff Avila is a former participant of a supportive housing program administered by BASICS. On March 1, 2024, Plaintiff Avila was terminated from BASICS' program for violating its policies, including assaulting a BASICS employee.

      Plaintiff has a long history of filing lawsuits against BASICS and its affiliated entities and individuals, including two other cases currently pending before this Court that appear to involve the same or substantially similar claims as those asserted in the instant action. In *Avila v. Acacia Network, Inc. et al.*,[1] Case No. 1:23-cv-07834, Magistrate Judge Parker issued a Report and Recommendation for dismissal of the complaint. In *Avila v. Acacia Network et al.,* Case No. 1:23-cv-10260, Magistrate Judge Parker issued a Report and Recommendation recommending dismissal of the complaint and recommending that "Plaintiff [Avila] be enjoined from filing civil actions IFP in this court against Acacia Network Inc., Aja Douglas, and Acacia's employees or

---

[1] Acacia Network is a non-profit organization that provides community-based services through its umbrella of organizations ("affiliates'), including BASICS.

Hon. Paul A. Engelmayer
June 20, 2025
Page 2

affiliates [*e.g.,* BASICS] without first obtaining from this court leave to file." *See* Report and Recommendation dated March 28, 2025 in Case No. 1:23-cv-10260 [ECF Doc. No. 57]. Final orders in both cases are pending before the district judge in those actions. In those cases, Plaintiff Avila asserted claims under: (1) the Americans with Disabilities Act ("ADA"), (2) the Fair Housing Act ("FHA"); (3) the New York City Human Rights Law ("NYCHRL"), and (4) negligent infliction of emotional distress ("NIED").

   **B.** **The Complaint.** On or about April 18, 2025, Plaintiffs Jimmy Avila ("Avila") and Mezie Oduka ("Oduka") (together, "Plaintiffs") filed their 76-page Complaint in this action against BASICS, the undersigned, and approximately 15 other defendants. However, the Complaint contains merely a single paragraph of allegations:

> "Class action lawsuits by Plaintiffs. Title II of American Disability Act [sic] (ADA) prohibits discrimination by state and local government against Plaintiffs who suffers [sic] from disabilities. Defendants collectively discriminated against Plaintiffs in housing services, social services, medical accommodations made and recommended by doctors to provide housing that meets Plaintiffs['] medical needs[,] denying equal access to housing benefits, working in concert to deprive Plaintiffs [sic] housing services. Defendants['] county clerks intentionally removing court documents from January 1, 2024, until April 2025, city inspectors and government agencies contributed to physical and mental harm by negligence."

*See* Compl. p. 10 [ECF Doc. No. 1].

   Plaintiffs purport to assert causes of action under: (1) the Fair Housing Act, (2) RICO, (3) Title II of the Americans with Disabilities Act, (4) New York Real Property Law, (5) common law negligent infliction of emotional distress, (6) Section 504 of the Rehabilitation Act of 1973, and (7) the New York City Human Rights Law. The Complaint also includes 62 pages of exhibits, though it is unclear how these exhibits even relate to Plaintiffs' claims.

   **C.** **Plaintiff's Complaint Should be Dismissed for Failure to State a Claim.**

   **1.** **Legal Standard.** To survive a Rule 12(b)(6) motion to dismiss, a plaintiff "must allege sufficient factual matter to state a plausible claim" for relief. *Lundy v. Catholic Health Sys. Of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013). While a court "must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to avoid dismissal of the complaint. *Harris v. Mills,* 572 F.3d 66, 72 (2d Cir. 2009). Courts need not consider "conclusory allegations or legal conclusions couched as factual allegations." *Dixon v. von Blanckensee*, 994 F.3d 95, 101 (2d Cir. 2021).

   Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2)). While the rule "does not demand that a complaint be a model of clarity," nevertheless, "at a minimum," it requires that each defendant be given "fair notice of what the plaintiff's claim is and the ground upon which it

rests.'" *Broidy v. Glob. Risk Advisors LLC*, No. 19-CV-11861, 2023 WL 6258135, at *4 (S.D.N.Y. Sept. 26, 2023) (quoting *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (summary order)). "It is well-settled that Rule 8(a)(2) 'is violated where a plaintiff, by engaging in group pleading,[2] fails to give each defendant fair notice of the claims against it.'" *Aguledo et al. v. Revoco Mortgage Management LLC, et al.*, No. 22-CV-4004 (JMA)(LGD), 2025 WL 1674486, at *9 (E.D.N.Y. June 13, 2025).

**2.     The Complaint Should Be Dismissed Based Upon Plaintiffs' Improper Group Pleading.** Here, the Complaint plainly violates Rule 8(a) by alleging that "Defendants collectively discriminated against Plaintiffs in housing services, social services", etc. *See* Compl., p. 10. By lumping all of the defendants together and accusing them all of the same general conduct, the Complaint fails to put BASICS and the undersigned on notice of the claims against *them*, as required by Fed. R. Civ. P. Rule 8(a). *See Farmer v. Cnty. of Westchester*, No. 18 CIV. 2691, 2021 WL 4199944, at *7 (S.D.N.Y. Sept. 15, 2021) (dismissing complaint under where "the vast majority of allegations" relating to the defendant were "jointly alleged against most of the other [d]efendants without providing any factual basis to distinguish their conduct").

**3.     The Complaint Should Be Dismissed for Failure to State a Claim.** Further, the Complaint does not contain sufficient factual matter but merely relies on vague and conclusory allegations -- for example, that Defendants "den[ied] equal access to housing benefits" and "work[ed] in concert to deprive Plaintiffs [sic] housing services"). Plaintiffs then pile on 62 pages of exhibits without even a sliver of context, leaving it to defendants and the Court to comb through them to try to ascertain how they could possibly relate to the claims. *See Aguledo*, 2025 WL 1674486, at *10 (noting that dismissal is also appropriate where "the complaint is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.") (quoting *Mark J. Elkowitz, MD., P.C. v. UnitedHealthcare of N.Y., Inc.*, No. 17-CV-4663, 2021 WL 9594380, at *5 (E.D.N.Y. Mar. 31, 2021)). Further, Defendant requests the Court dismiss the claims against their undersigned counsel, who has been improperly named as a defendant in this action. Upon reviewing the Complaint, it appears the only reason the undersigned has been named is due to her role as counsel for BASICS. Plaintiff Avila's decision to name the undersigned as a defendant in this action is merely the latest example of Avila's frivolous and vexatious conduct in litigation.

**4.     The Complaint Should Be Dismissed as Duplicative of Other Lawsuits.** "As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). Dismissal of a duplicative lawsuit "foster[s] judicial economy and the comprehensive disposition of litigation, as well as "protect[s] parties from the vexation of concurrent litigation over the same subject matter." *Id.* Plaintiff Avila has already brought two other actions in this Court (in addition to actions in state court) that are currently pending against BASICS and its affiliates, that appear to assert substantially similar claims as those asserted in this action. Accordingly, the Court should dismiss this action as duplicative.

---

[2] "Group pleading" refers to "an allegation that simply lumps or groups defendants together without describing which defendant is responsible for what conduct or when each defendant participated in that unspecified conduct." *Lepore v. NL Brand Holdings LLC*, No. 16 CIV. 08115, 2017 WL 4712633, at *6 (S.D.N.Y. Sept. 28, 2017).

Hon. Paul A. Engelmayer
June 20, 2025
Page 4

                Respectfully Submitted,

                */s/ Lindsey Blackwell*
                Lindsey Blackwell
                Hailey Loehr
                Gordon & Rees LLP
                One Battery Park Plaza, 28th Floor
                New York, New York 10004
                lblackwell@grsm.com
                hloehr@grsm.com

                *Attorneys for Defendants Basics, Inc. and Lindsey Blackwell*

CC:    Plaintiffs Jimmy Avila and Mezie Oduka
        (via U.S. Mail, e-mail, and ECF)

        All Counsel of Record
        (via ECF)