LINDSEY M. BLACKWELL
LBLACKWELL@GRSM.COM

HAILEY L. LOEHR
HLOEHR@GRSM.COM

**GORDON & REES**
**SCULLY MANSUKHANI**
YOUR 50 STATE PARTNER™

ATTORNEYS AT LAW
1 BATTERY PARK PLAZA, 28TH FLOOR
NEW YORK, NY 10004
WWW.GRSM.COM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/14/2025

July 11, 2025

> Application GRANTED. The requirement to submit a proposed case management schedule is adjourned and discovery is stayed pending the contemplated motions to dismiss. The Clerk is respectfully directed to terminate the motion at ECF No. 33.
>
> SO ORDERED:   07/14/2025
>
> *Katharine H. Parker*
> HON. KATHARINE H. PARKER
> UNITED STATES MAGISTRATE JUDGE

Katharine H. Parker
United States Magistrate Judge
United States District Court
Southern District of New York

    **Re:**   *Jimmy Avila et al. v. Danisha Davis, et al.*
           1:25-cv-03316-PAE-KHP

Dear Magistrate Judge Parker:

      As counsel for Defendants BASICS, Inc. ("BASICS") and Lindsey M. Blackwell ("Blackwell") (together "BASICS Defendants"), we write, jointly with counsel for Defendant Harlem YMCA (" Defendant Harlem YMCA"), and counsel for Defendants Andrew B. Brittens (Bittens), 1412 COL LLC ("1412 COL"), and JSAF Management LLC ("JSAF") (collectively "JSAF Defendants")[1] , we write, pursuant to your Honor's Individual Practices in Civil Rules, III(c), to request an adjournment of the deadline to file the Proposed Case Management Order ("CMO"), currently due on July 14, 2025, and a stay in discovery pending the outcomes of the Parties' anticipated Motions to Dismiss.[2]

      A motion to dismiss does not automatically stay discovery, except in cases covered by the Private Securities Litigation Reform Act. *See Brooks v. Macy's, Inc.,* 2010 WL 5297756, at *1 (S.D.N.Y. Dec. 21, 2010) (citing cases), *reh'g denied,* 2011 WL 1362191 (S.D.N.Y. Apr. 8, 2011). Thus, "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Moran v. Flaherty,* 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992). However, "upon a showing of good cause a district court has considerable discretion to stay discovery" pursuant to Fed. R. Civ. P. 26(c). *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.,* 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009); *accord Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.,* 2009 WL 274483, at *1 (S.D.N.Y. Feb. 3, 2009).

---

[1] Defendant Harlem YMCA and the JSAF Defendants have not yet responded to the Complaint, however they also anticipate filing a Motion to Dismiss.

[2] BASICS Defendants filed a letter motion on June 27, 2025, requesting a pre-motion conference for an anticipated motion to dismiss. Your Honor granted this letter motion and ordered the pre-motion conference will occur concurrently with the case management conference.

Hon. Katharine H. Parker
July 11, 2025
Page 2

In some circumstances, a pending motion to dismiss may constitute "good cause" for a protective order staying discovery. *See Brooks,* 2010 WL 5297756, at *1; *Picture Patents, LLC v. Terra Holdings LLC,* 2008 WL 5099947, at *2 (S.D.N.Y. Dec. 3, 2008). "[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case." *Alford v. City of N.Y.,* 2012 WL 947498, at *1 (E.D.N.Y. Mar. 20, 2012) (citation omitted). Courts consider: "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Brooks,* 2010 WL 5297756, at *2 (citation and internal quotation marks omitted); *accord Integrated Sys. & Power, Inc.,* 2009 WL 2777076, at *1.

This case presents good cause for an order staying discovery. As the Court is aware, Plaintiffs have a long history of filing lawsuits against these Defendants and its affiliated entities and individuals, including two other cases currently pending before this Court that appear to involve the same or substantially similar claims as those asserted in the instant action. In *Avila v. Acacia Network, Inc. et al.*,[3] Case No. 1:23-cv-07834, Magistrate Judge Parker issued a Report and Recommendation for dismissal of the complaint. In *Avila v. Acacia Network et al.,* Case No. 1:23-cv-10260, Magistrate Judge Parker issued a Report and Recommendation recommending dismissal of the complaint and recommending that "Plaintiff [Avila] be enjoined from filing civil actions IFP in this court against Acacia Network Inc., Aja Douglas, and Acacia's employees or affiliates [*e.g.,* BASICS] without first obtaining from this court leave to file." *See* Report and Recommendation dated March 28, 2025 in Case No. 1:23-cv-10260 [ECF Doc. No. 57]. Final orders in both cases are pending before the district judge in those actions. In those cases, Plaintiff Avila asserted claims under: (1) the Americans with Disabilities Act ("ADA"), (2) the Fair Housing Act ("FHA"); (3) the New York City Human Rights Law ("NYCHRL"), and (4) negligent infliction of emotional distress ("NIED").

Here, there is no prejudice to staying discovery or the drafting of the CMO to the Plaintiffs at this time. This matter has only been pending since April 2025. Courts in this circuit grant short stays that will be lifted upon the decision of a motion to dismiss and "neither unnecessarily delay the action nor prejudice the plaintiffs thereby." *Spencer Trask Software & Info. Servs., LLC v. Rpost Int'l Ltd.*, 206 F.R.D. 367 (S.D.N.Y. 2002). Here, a short stay would unlikely cause undue prejudice, which weighs in favor of a stay. Additionally, based on the past reports and recommendations from this Court, and the dismissal of other actions previously filed by Plaintiff Avila in this Court, Defendants have a strong likelihood of success on their anticipated Motions to Dismiss. Engaging in discovery at this time would be costly and, considering the rambling and incomprehensible nature of Plaintiff Avila's other filings in this action and other actions in this Court, engaging in discovery with Plaintiff would most likely be an arduous task.

For the foregoing reasons, Defendants requests the adjournment of the Proposed Case Management Order ("CMO") currently due on July 14, 2025, and a stay in discovery pending the outcomes of the Parties' Motions to Dismiss

---

[3] Acacia Network is a non-profit organization that provides community-based services through its umbrella of organizations ("affiliates'), including BASICS.

Hon. Katharine H. Parker
July 11, 2025
Page 3

       We thank Your Honor for his consideration of this request.

                                        Respectfully Submitted,

                                        */s/ Lindsey Blackwell*
                                        Lindsey Blackwell
                                        Hailey Loehr
                                        Gordon & Rees LLP
                                        One Battery Park Plaza, 28th Floor
                                        New York, New York 10004
                                        lblackwell@grsm.com
                                        hloehr@grsm.com

                                        *Attorneys for Defendants Basics, Inc. and Lindsey Blackwell*

CC:    Plaintiffs Jimmy Avila and Mezie Oduka
          (via U.S. Mail, e-mail, and ECF)

          All Counsel of Record
          (via ECF)