

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Jaimini A. Vyas**
*Assistant Corporation Counsel*
212-356-2079
jvyas@law.nyc.gov

July 14, 2025

**BY ECF**

Magistrate Judge Katharine H. Parker
United States District Court
Southern District of New York, Courtroom 17D
500 Pearl Street
New York, NY 10007

> Re:  *Avila, et ano. v. Davis et al.*, 25-cv-3316-PAE-KHP

Dear Judge Parker:

This office represents Defendants City of New York and Symone Sylvester, Esq., an attorney at New York City Housing Preservation and Development (collectively, "City Defendants") in the above-referenced action. I write pursuant to Rule III(b) of your Honor's Individual Practices in Civil Cases, to apprise the Court of City Defendants' intention to move to dismiss the claims against them at the pre-motion teleconference scheduled by this Court's June 30, 2025 Order at ECF 29 for July 24, 2025 at 12:00 p.m. Additionally, City Defendants also join co-Defendants' requests to (1) adjourn *sine die* the deadline to file the Proposed Case Management Plan ("CMP"), currently due on July 14, 2025; and (2) stay discovery pending the outcomes of the Parties' anticipated Motions to Dismiss. *See* ECF 33 and 42. Your Honor's Order in ECF 44 granted the request in ECF 33. As set forth below, Plaintiffs' claims against City Defendants should be dismissed under F.R.C.P. 12(b)(1) for lack of subject matter jurisdiction and F.R.C.P. 12(b)(6) for failure to state a claim.

It is unclear from the Complaint which allegations Plaintiffs assert against which Defendant(s). Plaintiffs allege violations of (1) the Fair Housing Act, (2) Americans with Disabilities Act, (3) Section 504 of the Rehabilitation Act of 1973, (4) New York Real Property Law, (5) common law negligent and intentional infliction of emotional distress, (6) Racketeer Influenced and Corrupt Organizations Act ("RICO"), and (7) the New York City Human Rights Law based on the following single paragraph of conclusory allegations:

> Class Action Lawsuits by Plaintiffs Title II of American Disability Act (ADA) codified as U.S.C. § 12131 et seq., PRohibits Discrimination by state and local

government against Plaintiffs who suffers from Disabilities, Defendants collectively Discriminated against Plaintiffs in Housing Services, Social Serives, Medical Accomodations made and Recommended By Doctors to provide Housing that meet Plaintiffs medical Needes denying equal access to Housing Benefits, working in concert to Deprive Plaintiffs Housing services Defendants county clerks intentionally Removing court Documents from January 1, 2024, until April 2025, city inspectors and government Agencies contributed to causing phyisal and mental Harm By negligence (RICO) cause of Action 18 U.S.C. § 1962 Racketeering RICO

Complaint, ECF 1 at 10.

> **A. The Court lacks subject matter jurisdiction under F.R.C.P. 12(b)(1) to adjudicate claims where plaintiffs have not demonstrated exhaustion of available administrative remedies.**

The Court lacks subject matter jurisdiction to adjudicate claims against City Defendants for alleged violations of the Fair Housing Act, the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act—claims for which Plaintiffs must avail remedies provided by the state. "Public assistance benefits have long been afforded constitutional protection as a species of property protected by the federal Due Process Clause." *Komatsu v. City of N.Y.*, No. 23-CV-5406 (LTS), 2024 U.S. Dist. LEXIS 71351, at *20 (S.D.N.Y. Apr. 15, 2024). "[W]here a plaintiff alleges a deprivation of property in violation of the due process clause, [i.e., public assistance benefits,] the federal court's initial inquiry must be whether the state has provided adequate remedies to redress such unlawful acts. If so, there will be no claim before the federal court, whether or not plaintiff took advantage of the state procedure." *Komatsu v. City of N.Y.*, No. 23-CV-5406 (LTS), 2024 U.S. Dist. LEXIS 71351, at *20 (S.D.N.Y. Apr. 15, 2024).

Here, the state has provided adequate remedies that Plaintiffs must avail for alleged acts or omissions by the City's administrative agencies or agents, including Department of Homeless Services ("DHS") and New York City Housing Preservation & Development (HPD"). Specifically, Plaintiffs may avail themselves of the DHS Office of the Ombudsman, which allows staff to conduct an internal investigation and provide relief where warranted and appropriate. *See Office of the Ombudsman*, NYC Department of Homeless Services Department of Social Services https://www.nyc.gov/site/dhs/shelter/ombudsman/ombudsman.page (last accessed July 14, 2025). Plaintiffs may also request an agency conference to review any agency action they disagree with. *See* 18 N.Y.C.R.R. § 358-3.8. Plaintiffs must then request a Fair Hearing before the New York State Office of Temporary and Disability Assistance (OTDA) to appeal unfavorable decisions. *See* N.Y. Soc. Serv. Law § 22. If Plaintiffs receive an adverse decision from the OTDA, Plaintiffs are required to seek relief through an Article 78 proceeding in New York State Court. "These procedures have been found to be constitutionally sufficient to challenge adverse determinations in connection with government entitlement programs." *Jones-Bey v. Dep't of Soc. Servs.*, No. 23-CV-8869 (LTS), 2023 U.S. Dist. LEXIS 216737, at *7 (S.D.N.Y. Dec. 5, 2023) (citing *Banks v. Human Res. Admin. & Food & Nutrition Serv.*, No. 11-CV-2380, 2013 U.S. Dist. LEXIS 4737 at*3 (E.D.N.Y. Jan. 11, 2013); *Vapne v. Eggleston*, No. 04-CV-565 (NRB), 2004 U.S. Dist. LEXIS 24147 at *5 (S.D.N.Y. Dec. 1, 2004)). Because "the state has provided adequate remedies to redress… . there will be no claim before the federal court, whether or not plaintiff took advantage of the state procedure." *Komatsu*, No. 23-CV-5406 (LTS), 2024 U.S. Dist. LEXIS 71351, at *20.

Plaintiffs' case initiating document, ECF 1, does not contain any statements of what acts or omissions were committed, by which defendant, where, and when (raising statute of limitations concerns), and how they violated any federal law. *See* F.R.C.P. 12(b)(6). The Complaint also violates F.R.C.P. 8 by failing to put City Defendants on notice of the claims against them.

**B. The Court lacks subject matter jurisdiction to adjudicate claims against City Defendants for which Plaintiffs have not complied with the notice of claim requirements.**

Before asserting against the City of New York claims under the New York Real Property Law and the tort claims of negligent and intentional infliction of emotional distress, each plaintiff failed to serve a notice of claim within 90 days of when the cause of action accrued. *See* N.Y. Gen. Mun. Law § 50-e. Moreover, each "Plaintiff was required [but failed] to plead: (1) that he 'has served [a] notice of claim.'" *Morales v. City of N.Y.*, No. 13-cv-7667 (RJS), 2016 U.S. Dist. LEXIS 121471, at *29 (S.D.N.Y. Sep. 7, 2016); *see also* N.Y. Gen. Mun. L. § 50-i(1). "Notice of claim requirements are construed strictly by New York state courts, and failure to abide by their terms mandates dismissal of the action for lack of subject-matter jurisdiction. *Am. Tel. & Tel. Co. v. N.Y.C. Dep't of Human Res.*, 736 F. Supp. 496, 499 (S.D.N.Y. 1990) (gathering cases)." *Nieblas-Love v. N.Y.C. Hous. Auth.*, 165 F. Supp. 3d 51, 76 (S.D.N.Y. 2016) (cleaned up). Additionally, "[f]ailure to comply with these requirements results in dismissal for failure to state a claim." *Bissinger v. City of N.Y.*, 2007 U.S. Dist. LEXIS 70155, at *27 (S.D.N.Y. Sep. 24, 2007). Therefore, the Court also lacks jurisdiction to award against City Defendants the damages Plaintiffs seek in ECF 7 at 2. F.R.C.P. 12(b)(1) and (6). Separately, City Defendants note that Plaintiffs have not alleged *Monell* claims against the City.

**C. Plaintiffs' claims against government attorney Ms. Sylvester should be dismissed because she is entitled to absolute immunity.**

Plaintiffs have named Ms. Symone Sylvester, Esq., an Agency Attorney at New York City Housing Preservation and Development ("HPD"), as a defendant without alleging any factual claims that plausibly entitle them to relief for any claim against her. Had Plaintiffs pled any facts, she would still be entitled to absolute immunity for allegations connected with her duties at HPD; therefore, she should be dismissed from the case. Government attorneys are immune from any liability arising from their conduct connected to HPD proceedings. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 396 (2d Cir. 2006) ("As a general principle, a government attorney is entitled to absolute immunity when functioning as an advocate of the [government] in a way that is intimately associated with the judicial process."). This doctrine of absolute immunity for government attorneys covers "the functions of a government attorney 'that can fairly be characterized as closely associated with the conduct of litigation or potential litigation' in civil suits." *Id.*; *see also Komatsu v. City of N. Y.*, No. 1:20-CV-6510 (LLS), 2020 U.S. Dist. LEXIS 196550, at *9 (S.D.N.Y. Oct. 21, 2020) (dismissing pro se plaintiff's claims against New York City Human Resources Administration attorney "under the doctrine of government-attorney immunity"). Therefore, Plaintiffs' claims against Ms. Sylvester based on actions within the scope of her official duties and associated with the Plaintiffs' proceedings in housing court should be dismissed because they seek relief against a defendant who is immune from suit.

**D. City Defendants respectfully join the requests by co-defendants to adjourn the deadline to file the Proposed Case Management Plan and stay discovery pending the resolution of the anticipated motions to dismiss.**

City Defendants respectfully join the requests by co-defendants that discovery in this case be stayed pending the disposition of their motion to dismiss. *See* ECF 33 and 42.

Thank you for Your Honor's consideration of this request.

Respectfully submitted,

/s/ Jaimini Vyas
Jaimini A. Vyas
*Assistant Corporation Counsel*

cc:   Plaintiffs Jimmy Avila and Mezie Oduka (via U.S. Mail, e-mail, and ECF)
      All counsel of record (via ECF)