# EXHIBIT A

**New York State Unified Court System**

# Appointment Order: Guardian Ad Litem

CIV-GP-112 (08/2023)
Page **1** of **5**
nycourthelp.gov

New York City Civil Court, Housing Part_____
County of _____

**Petitioner** (person starting the case)**:**
_____

**Respondent** (person responding to the case)**:**
_____

**L&T Index #:**_____

**Property Address:**
_____
_____
_____

The [*select one*]:

☐ Petitioner

☐ Respondent

☐ NYC Department of Social Services (DSS)

has asked the Court to appoint a Guardian Ad Litem (GAL) for _____.

☐ The Court made its own motion (request) to appoint a GAL for _____.

The Court held a hearing.

The Court has decided that _____ (going forward referred to as "named litigant") is unable to effectively defend their rights and protect their interests.

### THE COURT ORDERS

1. Name of GAL:            _____
   Phone:                  _____
   is the appointed GAL for _____ in this case. The GAL's duties are listed in paragraphs 4-8 below.

2. The GAL must file written Consent (CPLR sec. 1202(c)) and either an Affidavit of Services or Affirmation of Services (CPLR sec. 1204) with the Court.

3. The GAL's appointment does not end until all settlement terms are completed and all referrals to DSS or other social or charitable services are followed-up on. Should the case be restored to the calendar for any reason, the GAL must resume their advocacy work on behalf of the named litigant. The Court may terminate the GAL's appointment sooner.

ADA Accommodations
ada@nycourts.gov

Spoken or Sign Language Interpreters
interpreter@nycourts.gov

COURT Help
1-800-COURT-NY
(268-7869)

FILED: BRONX CIVIL COURT - L&T 04/11/2025 04:16 PM                INDEX NO. LT-001116-24/BX
NYSCEF DOC. NO. 12                                                RECEIVED NYSCEF: 04/21/2025

Case 1:25-cv-03316-PAE-KHP    Document 76-1    Filed 08/15/25    Page 3 of 4

CIV-GP-112 (08/2023)                    Page 2 of 3                    Index #:

## DUTIES OF THE GAL

4. The GAL must make all efforts to meet with the named litigant in their home. Alternatively, the GAL must make all efforts to meet the named litigant in Court or in a safe environment if the named litigant cannot come to Court. The GAL will speak to the named litigant to find out what they want in the case.

5. The GAL must investigate and bring to the Court's attention all facts important to the named litigant's case.

6. The GAL must investigate further whether the named litigant qualifies for any social services that can help resolve this case. If so, the GAL make every effort to help obtain such services.

7. The GAL must recommend to the Court a final solution for the case that is in the best interests of the named litigant. The GAL must tell the Court how the named litigant feels about the GAL's recommendation.

8. The GAL is authorized by the Court to retain counsel from a Right to Counsel (RTC) legal services provider.

## PAYMENT OF FEES

9. The GAL understands that they may not receive compensation for the advocacy work performed as part of their appointment in this case, **unless:**

    a. the named litigant:
        i. is a client of APS at the time of appointment, or
        ii. becomes a client of APS during the period when the GAL is formally appointed to advocate on behalf of the named litigant, or
        iii. is a client of another HRA program at the time of appointment, and APS has consented to compensate the GAL for services provided by that program, or
        iv. becomes a client of another HRA program during the period when the GAL is formally appointed to advocate on behalf of the named litigant and APS has consented to compensate the GAL for services provided by that program

    **OR**

    b. the court, in its discretion, grants a motion for relief pursuant to CPLR §1204.

If the named litigant meets any of the criteria listed in paragraph 9(a) above, then the terms of paragraph 10 apply.

10. If the named litigant is or becomes a client of APS (or another HRA program as specified in paragraph 9) during the period when the GAL is formally appointed to advocate on behalf of the named litigant, the New York City Human Resources Administration/Department of Social Services must pay the GAL, upon consent, the sum of $1050 after it receives a copy of the

FILED: BRONX CIVIL COURT - L&T 04/11/2025 04:16 PM                INDEX NO. LT-001116-24/BX
NYSCEF DOC. NO. 12                                                RECEIVED NYSCEF: 04/21/2025

Case 1:25-cv-03316-PAE-KHP   Document 76-1   Filed 08/15/25   Page 4 of 4

**CIV-GP-112** (08/2023)                  Page **3** of **3**                  Index #:

Affidavit of Services filed by the GAL in Court (CPLR § 1204) and any other required documents listed here: http://nycourts.gov/courts/nyc/housing/GALexisting.shtml#payment

**NOTICE AND INFORMATION**

11. Select all that apply:

    ☐ The named litigant was given a copy of this Order in Court.

    ☐ The named litigant was mailed a copy of this Order by the Court.

    ☐ GAL is directed to give a copy of this Order to the named litigant.

12. The GAL should provide a copy of the brochure: "The Judge says I need a Guardian ad Litem (GAL). What does that mean?" to the named litigant found at: http://nycourts.gov/courts/nyc/housing/GALexisting.shtml#brochures

**THE COURT FURTHER ORDERS:**

☐ That the judgment and warrant of eviction in this case are vacated (canceled).

☐ That all stays stopping something in this case are continued.

☐ That _____
_____
_____
_____
_____.

Dated: ____/____/_____                          _____
_____, New York                        Hon. _____.

APPROVED
bx-housing-390 , 4/21/2025, 1:08:08 PM